# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.: 17-32186** |
| **UPLIFT RX, LLC,**[1] | **CHAPTER 11** |
| Debtor(s). | **Jointly Administered** |
| **RONALD L. GLASS, CHAPTER 11 TRUSTEE FOR THE DEBTORS, and ALLIANCE MEDICAL ADMINISTRATION, INC.** | **ADV. PROC. NO.** |
| Plaintiffs, | |
| v. | |
| **THE HANOVER INSURANCE COMPANY,** | |
| Defendant. | |

### COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

The Plaintiffs, RONALD L. GLASS (the "Trustee"), in his capacity as Chapter 11 trustee

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Plaintiff Debtor, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815). The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 77095.

of the above-captioned Chapter 11 debtors (collectively, the "Debtors"), and Debtor ALLIANCE MEDICAL ADMINISTRATION, INC. ("AMA" or the "Plaintiff Debtor"),[2] file this complaint (the "Complaint") to (i) avoid and recover preferential transfers made by Plaintiff Debtor to or for the benefit of Defendant THE HANOVER INSURANCE COMPANY (the "Defendant") pursuant to sections 547, 548 and 550 of title 11 of the United States Code ("Bankruptcy Code"), and (ii) disallow Defendant's claims in the above-captioned bankruptcy cases pursuant to 11 U.S.C. §502, and in support thereof, respectfully represent as follows:

## NATURE OF THE PROCEEDING

1.      Plaintiffs seek entry of a judgment against Defendant: (i) avoiding (a) the Preferential Transfers (as defined herein) pursuant to Section 547 of the Bankruptcy Code, and (b) the Wrong Payor Transfers (as defined herein) pursuant to Section 548(a)(1)(B) of the Bankruptcy Code; (ii) directing Defendant to pay the Debtors' respective bankruptcy estates an amount to be determined at trial that is not less than the amount of the Transfers (as defined herein), plus interest and costs, pursuant to Section 550(a) of the Bankruptcy Code; and (iii) pending such payment, disallowing any claim of Defendant against the estates of the Debtors pursuant to Section 502(d) of the Bankruptcy Code.

## JURISDICTION AND VENUE

2.      This adversary proceeding relates to the Chapter 11 cases of Uplift Rx, LLC and its debtor affiliates, which cases are pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"), and are being jointly administered under Case No. 17-32186 (collectively, the "Bankruptcy Cases").

3.      This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157

---

[2] The Trustee and Plaintiff Debtor shall sometimes collectively be referred to herein as the "Plaintiffs."

and 1334(b).

4.      This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (F), (H) and (O).

5.      Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

6.      Plaintiffs consent to entry of final orders and judgments by the Court in this adversary proceeding, regardless of whether it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

7.      On April 9, 2017 ("Petition Date"), AMA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Court, which case is pending and being jointly administered with the Bankruptcy Cases.

8.      On April 18, 2017, the Court entered an order requiring the appointment of a Chapter 11 Trustee in the Bankruptcy Cases (Doc. No. 37).  Thereafter, the Office of the United States Trustee appointed Ronald L. Glass to serve as Chapter 11 Trustee, and the Court entered an order approving Mr. Glass's appointment (Doc. No. 307).

9.      This adversary proceeding is part of the Trustee's and the estates of the Debtors' continuing obligation to recover assets for the benefit of the Debtors' respective bankruptcy estates.

## FACTUAL BACKGROUND

10.     Prior to the filing of the above-captioned bankruptcy cases, the above-captioned debtors (the "Debtors") owned and operated a network of pharmacies across the United States that specialized in providing prescriptions to patients with chronic health conditions, including diabetes

(the "Alliance Health Network").  Within the Alliance Healthcare Network, certain entities provided marketing, accounting, administration, or distribution services (the "Corporate Debtors").[3]  The remainder of the Debtors either owned and operated or managed pharmacies within the Alliance Healthcare Network (the "Pharmacy Debtors").[4]

11.    Within the Alliance Healthcare Network, customer leads were generated by the Corporate Debtors and provided to the appropriate Pharmacy Debtors.  As the Pharmacy Debtors collected revenue, cash was sent up to the Corporate Debtors and pooled together.  From there the Corporate Debtors would directly pay certain expenses of the Pharmacy Debtors and/or would send money back down to the appropriate Pharmacy Debtors to pay other expenses.

12.    The Debtors generally did not account for obligations amongst themselves or keep any type of ledger showing "due to and due from" among any of the Debtors.  Because of the Debtors' business model, new pharmacies were constantly being formed and/or acquired to keep up with the customer leads generated by the Corporate Debtors.

13.    At all times relevant hereto, Defendant did not provide goods or services to Plaintiff Debtor, but to certain corporate pharmacy business entities owned, directly or indirectly, by Debtor Alliance Medical Holdings, LLC.

14.    The Trustee and his professionals have conducted an investigation of the Debtors' books and records and related financial documents for the purpose of determining what claims or causes of action are available to the Plaintiff Debtor.

15.    Based on a review of the Debtors' books and records, together with the facts and

---

[3] "Corporate Debtors" means, collectively, the following Debtors:  Alliance Medical Holdings, LLC; Alliance Medical Administration, Inc.; Alliance Health Networks, LLC; Pinnacle Pharmacy Solutions, LLC; Riverfront Rx, LLC; Eat Great Café, LLC; New Life Pharmacy, LLC; Alta Distributors, LLC; Ollin Pharmaceutical, LLC; and Skyline Health Services, LLC.

[4] "Pharmacy Debtors" means, collectively, all of the Debtors except for the Corporate Debtors.

circumstances surrounding the filing of the Bankruptcy Cases, Plaintiffs allege, on information and belief, that by July 13, 2016, and at all times thereafter, Plaintiff Debtor was insolvent.

16.     The Plaintiff Debtor's books and records reflect that during the ninety (90) day period preceding the Petition Date (the "Preference Period"), Plaintiff Debtor transferred money to Defendant, which transfers are identified on **Exhibit A** attached hereto and incorporated herein by reference (collectively, the "Preferential Transfers").

17.     The Debtors' books and records reflect that during the time period between beginning on July 13, 2016 through the commencement of the Plaintiff Debtor's bankruptcy case (the "Insolvency Period"), Plaintiff Debtor transferred money to Defendant, which transfers are identified on **Exhibit B** attached hereto and incorporated herein by reference (the "Wrong Payor Transfers").[5]

18.     All conditions precedent to the filing of this action have occurred, been performed, or waived.

## **CLAIMS FOR RELIEF**

### **COUNT I**
**(Avoidance of Preferential Transfers from Plaintiff
Debtor to Defendant Pursuant to 11 U.S.C. §547(b))**

19.     Plaintiffs repeat and reallege all allegations contained in paragraph 1 through 18 above as if fully set forth herein.

20.     During the Preference Period, Plaintiff Debtor made, or caused to be made, transfers of an interest of Plaintiff Debtor in property to, or for the benefit of, Defendant, which transfers are listed on Exhibit A and incorporated herein by reference (the "Preference Payments").

21.     Defendant was a creditor of Plaintiff Debtor at the time of each Preference Payment

---

[5] A "wrong payor" fraudulent transfer occurs when one debtor pays the creditor of another debtor when such creditor provided no goods or services to the debtor that makes the payment.

by virtue of supplying goods or services for which Plaintiff Debtor was obligated to pay.

22.     Plaintiff Debtor made, or caused to be made, the Preference Payments for, or on account of, antecedent debt owed by Plaintiff Debtor to Defendant before such Plaintiff Debtor Payments were made.

23.     At the time of each Preference Payment, Plaintiff Debtor was insolvent.

24.     Plaintiff Debtor is entitled to the presumption of insolvency for each Preference Payment pursuant to Section 547(f) of the Bankruptcy Code.

25.     The Preference Payments enabled Defendant to receive more than Defendant would receive if: (a) Plaintiff Debtor's bankruptcy case was administered under chapter 7 of the Bankruptcy Code; (b) the Preference Payments had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

26.     At no time relevant hereto did Defendant maintain a lien on Plaintiff Debtor's assets or otherwise hold a secured interest.

27.     The Preference Payments diminished the value of Plaintiff Debtor's bankruptcy estate.

28.     Defendant was the initial transferee of the Preference Payments, or the entity for whose benefit the Preference Payments were made.

29.     Each of the Preference Payments are avoidable and Plaintiff Debtor is entitled to an order and judgment against Defendant avoiding each Preference Payment under 11 U.S.C. §547(b).

## COUNT II
### (Avoidance of Fraudulent Transfers from Plaintiff
### Debtor to Defendant Pursuant to 11 U.S.C. §548(a)(1)(B))

30.     Plaintiffs repeat and reallege all allegations contained in paragraph 1 through 18

above as if fully set forth herein.

31.     Plaintiffs plead this Count III in the alternative to Count II to the extent necessary to avoid a double recovery on any of the transfers identified on Exhibits A or B.

32.     Each of the Wrong Payor Transfers constitute a transfer of an interest of Plaintiff Debtor in property to, or for the benefit of, the Defendant.

33.     At no time during the Insolvency Period did Defendant provide goods or services to Plaintiff Debtor in exchange for the Wrong Payor Transfers.

34.     At no time during the Insolvency Period did Defendant provide Plaintiff Debtor with reasonably equivalent value in exchange for any of the Wrong Payor Transfers.

35.     Plaintiff Debtor was insolvent at the time the Wrong Payor Transfers were made, or, became insolvent as a result of the Wrong Payor Transfers.

36.     At the time the Wrong Payor Transfers were made, Plaintiff Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining constituted unreasonably small capital.

37.     Defendant was the initial transferee of the Wrong Payor Transfers.

38.     The Wrong Payor Transfers are avoidable and Plaintiff Debtor is entitled to an order and judgment against the Defendant avoiding the Wrong Payor Transfers pursuant to 11 U.S.C. §548(A)(i)(B)(i) and (ii).

**WHEREFORE,** Plaintiff Debtor respectfully requests this Court enter a judgment against the Defendant: (i) finding that the Wrong Payor Transfers are constructively fraudulent transfers and therefore avoidable pursuant to 11 U.S.C. §548(a)(1)(B); (ii) avoiding the Wrong Payor Transfers; and (iii) granting any other and further relief as the Court determines is just and appropriate under the circumstances.

7

<u>COUNT III</u>
**(Recovery of Avoided Transfers
Pursuant to 11 U.S.C. § 550(a))**

39.     Plaintiffs repeat and reallege all allegations contained in paragraph 1 through 38 above as if fully set forth herein.

40.     Plaintiffs are entitled to avoid the Preferential Transfers pursuant to Section 547 of the Bankruptcy Code.

41.     Plaintiffs are entitled to avoid the Wrong Payor Transfers pursuant to Section 548 of the Bankruptcy Code (collectively, the Preferential Transfers and Wrong Payor Transfers are the "Transfers").

42.     Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

43.     Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiffs are entitled to recover from Defendant an amount to be determined at trial that is no less than the total amount of the Transfers, plus interest thereon to the date of payment.

<u>COUNT IV</u>
**(Disallowance of Defendant's Claims
Pursuant to 11 U.S.C. §502(d))**

44.     The Plaintiffs repeat and reallege all allegations contained in paragraphs 1 through 43 above as if fully set forth herein.

45.     To the extent Defendant has filed a proof of claim or has a claim listed on one of the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from any of the Debtors' estates, it is a creditor of the estates (collectively, the "Claims")

46.     Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code.

47.     Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

48.     Defendant has not paid the Plaintiffs the amount of the Transfers, or turned over such property to the Plaintiffs, for which Defendant is liable under Section 550 of the Bankruptcy Code.

49.     Pursuant to Section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against the applicable Plaintiff Debtor' estate, must be disallowed until such time as Defendant pays to the Plaintiffs all amounts sought herein.

## <u>RESERVATION OF RIGHTS</u>

50.     Plaintiffs reserve the right to bring all other claims or causes of action that Plaintiffs may have against Defendant, on any and all grounds, as allowed under the Bankruptcy Code, or applicable law, or in equity.

51.     This Complaint is not intended to be, nor should it be construed as, a waiver of Plaimtiffs' rights to object to Defendant's Claims for any reason, including Section 502 of the Bankruptcy Code, and such rights are expressly reserved.  Notwithstanding this reservation of rights, certain relief under Section 502 of the Bankruptcy Code is sought herein by Plaintiffs as set forth herein.

52.     Plaintiffs reserve the right to amend this Complaint as new information becomes known to Plaintiffs at any time during the adversary proceeding, through formal discovery or otherwise, to include such information and/or assertions with respect to the Transfers to Defendant; revise Defendant's name; add additional defendants; and/or additional causes of action including, but not limited to, those pursuant to 11 U.S.C. §§ 542, 544, 547, and 550, (collectively, the "Amendments"), and that any and all such Amendments relate back to the date of this Complaint.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against Defendant:

(a) Avoiding and recovering the 90 Day Transfers pursuant to 11 U.S.C. §§ 547 and 550;

(b) Avoiding and recovering the Four Year Transfers pursuant to 11 U.S.C. §§ 544, 548 and 550, and/or under applicable state law;

(c) Granting judgment in favor of the Plaintiffs and directing Defendant to pay the Plaintiffs an amount to be determined at trial that is no less than the amount of the Transfers, plus interest and costs, pursuant to 11 U.S.C. § 550;

(d) Ordering the immediate turnover of the Documents;

(e) Disallowing Defendant's Claims against the estates of the Plaintiff Debtor or the estates of any other Debtors pursuant to 11 U.S.C. § 502(d);

(f) Awarding pre-judgment and post-judgment interest at the maximum legal rate; and

(g) Granting any other and further relief that is appropriate under the circumstances.

Respectfully submitted this 4th day of April, 2019.

> CIMO MAZER MARK PLLC
> *Special Litigation Counsel*
>  *for the Chapter 11 Trustee*
> 100 S.E. 2nd Street, Suite 3650
> Miami, FL 33131
> Tel: (305) 374-6482
> Fax: (305) 374-6488
>
> By: /s/ David C. Cimo
>       David C. Cimo, Esq.
>       Fla. Bar No. 775400
>       Email: dcimo@cmmlawgroup.com
>       Admitted *pro hac vice*
>       Marilee A. Mark, Esq.
>       Fla. Bar No. 725961
>       Email:mmark@cmmlawgroup.com
>       Admitted *pro hac vice*

# Exhibit A

Hanover Insurance Company

# Uplift Rx, LLC et. al. ("Debtors")

**Case No.: 17-32186-MI**

**Preference Analysis**

**Transfers to The Hanover Insurance Company**

| Payor | Date | Payment No. | Bank Account | Payment |
|---|---|---|---|---|
| Alliance Medical Administration | 03/09/17 | PY00018232 | xx9016 | 2,220.78 |
| Alliance Medical Administration | 03/09/17 | PY00018354 | xx9016 | 2,069.20 |
| Alliance Medical Administration | 03/09/17 | PY00018356 | xx9016 | 2,058.75 |
| Alliance Medical Administration | 03/09/17 | PY00018357 | xx9016 | 1,969.80 |
| Alliance Medical Administration | 03/09/17 | PY00018355 | xx9016 | 1,843.60 |
| Alliance Medical Administration | 03/09/17 | PY00018396 | xx9016 | 1,518.40 |
| **Total** | | | | **$ 11,680.53** |

# Exhibit B

The Hanover Insurance Company

## Uplift Rx, LLC et. al. ("Debtors")

**Case No.: 17-32186-MI**
**Wrong Payor Analysis**
**Transfers to The Hanover Insurance Company**

| Payor | Responsible Party | Date | Payment No. | Bank Account | Payment |
|-------|-------------------|------|-------------|--------------|---------|
| Alliance Medical Administration | EL Dorado Pharmacy LLC | 07/13/16 | PY00011443 | xx9016 | $ 1,864.90 |
| Alliance Medical Administration | David Pharmacy LLC | 07/13/16 | PY00011444 | xx9016 | 2,053.40 |
| Alliance Medical Administration | Brookside RX | 07/13/16 | PY00011442 | xx9016 | 2,564.47 |
| Alliance Medical Administration | Peterson RX | 07/27/16 | PY00011737 | xx9016 | 1,432.22 |
| Alliance Medical Administration | EL Dorado Pharmacy LLC | 08/05/16 | PY00012125 | xx9016 | 1,864.90 |
| Alliance Medical Administration | David Pharmacy LLC | 08/05/16 | PY00012126 | xx9016 | 2,078.40 |
| Alliance Medical Administration | Staley Pharmacy LLC | 08/05/16 | PY00012129 | xx9016 | 2,930.25 |
| Alliance Medical Administration | Twin Lakes Pharmacy LLC | 08/05/16 | PY00012124 | xx9016 | 5,889.25 |
| Alliance Medical Administration | Innovative Rx LLC | 08/19/16 | PY00012467 | xx9016 | 3,642.16 |
| Alliance Medical Administration | Brookside RX | 09/16/16 | PY00013160 | xx9016 | 795.07 |
| Alliance Medical Administration | EL Dorado Pharmacy LLC | 09/16/16 | PY00013162 | xx9016 | 1,864.90 |
| Alliance Medical Administration | David Pharmacy LLC | 09/16/16 | PY00013163 | xx9016 | 2,078.40 |
| Alliance Medical Administration | Twin Lakes Pharmacy LLC | 09/16/16 | PY00013161 | xx9016 | 10,363.25 |
| Alliance Medical Administration | David Pharmacy LLC | 11/04/16 | PY00014640 | xx9016 | 25.00 |
| Alliance Medical Administration | Staley Pharmacy LLC | 11/07/16 | PY00015539 | xx9016 | 25.00 |
| Alliance Medical Administration | David Pharmacy LLC | 11/07/16 | PY00015163 | xx9016 | 2,028.40 |
| Alliance Medical Administration | EL Dorado Pharmacy LLC | 11/07/16 | PY00015308 | xx9016 | 3,729.80 |
| Alliance Medical Administration | Genesee Pharmacy | 01/04/17 | PY00016833 | xx9016 | 2,282.80 |
| Alliance Medical Administration | Pharmacy Level Expense | 01/05/17 | PY00017305 | xx9016 | 37.00 |
| Alliance Medical Administration | Genesee Pharmacy | 03/09/17 | PY00018232 | xx9016 | 2,220.78 |
| Alliance Medical Administration | Pharmacy Level Expense | 03/09/17 | PY00018356 | xx9016 | 2,058.75 |
| Alliance Medical Administration | EL Dorado Pharmacy LLC | 03/09/17 | PY00018355 | xx9016 | 1,843.60 |
| Alliance Medical Administration | Pharmacy Level Expense | 03/09/17 | PY00018396 | xx9016 | 1,518.40 |
| **Alliance Medical Administration Total** | | | | | **55,191.10** |
| Corporate Pcard | Peterson RX | 08/15/16 | PY00013617 | PCARD | 2,864.44 |
| Corporate Pcard | Twin Lakes Pharmacy LLC | 08/23/16 | PP00000360 | PCARD | 50.00 |
| Corporate Pcard | David Pharmacy LLC | 09/21/16 | PP00000520 | PCARD | 2,078.40 |
| Corporate Pcard | Pharmacy Level Expense | 09/21/16 | PP00000519 | PCARD | 3,642.16 |
| Corporate Pcard | Pharmacy Level Expense | 10/13/16 | PP00000649 | PCARD | 3,399.69 |
| Corporate Pcard | David Pharmacy LLC | 10/18/16 | PY00014070 | PCARD | 2,028.40 |
| Corporate Pcard | Pharmacy Level Expense | 11/14/16 | PY00015244 | PCARD | 2,057.20 |

The Hanover Insurance Company

# Uplift Rx, LLC et. al. ("Debtors")

**Case No.: 17-32186-MI**
**Wrong Payor Analysis**
**Transfers to The Hanover Insurance Company**

| Payor | Responsible Party | Date | Payment No. | Bank Account | Payment |
|-------|-------------------|------|-------------|--------------|---------|
| Corporate Pcard | Staley Pharmacy LLC | 11/14/16 | PY00015442 | PCARD | 2,961.25 |
| **Corporate Pcard Total** | | | | | **19,081.54** |
| **Grand Total** | | | | | **$ 74,272.64** |